UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LATONYA EASLEY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3 09 0479 ) (No. 3:09mc0028) ) Judge Echols |
| THE UNITED STATES OF AMERICA, ET AL., | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM

The plaintiff, proceeding *in forma pauperis*, brings this *pro se* action alleging breach of contract. The plaintiff names the following defendants: 1) the United States of America; 2) the Department of the Inspector General of the United States; 3) the former Special Agent in Charge of the Chicago Office of the Inspector General; 4) the former Special Agent in Charge of the Nashville Office of the Inspector General; 5) Special Agent Ed Dyner; 6) Special Agent f/n/u Thomas. The plaintiff is suing the defendants in their official capacity, demanding that the terms of the contract at issue be honored.

The plaintiff asserts that she had triplets – sired by Mario Crawford – as part of a government program supervised by Special Agent Dyner. (Docket Entry No. 1, p 2). According to the plaintiff, the federal government was to pay her $12,000,000.00 for having the children, and that her children were to be returned to her in the summer of 2008.[1] The plaintiff asserts that she asked for the money to be held in trust, and that no more than $1,000,000.00 be used for third-party care, financial support, baby-sitting, etc. The plaintiff contends that her "three triplet children have not been

---

[1] According to the plaintiff's application to proceed *in forma pauperis*, her children – now 11-years of age – reside at the Department of Justice. (Docket Entry No. 5, p 3)

returned as stated in the contract," nor has she received her money. The plaintiff "petition[s] the court for the Parties to honor the contract before further litigation is necessary."

Although *pro se* complaints are to be construed liberally by the court, *see Boag v McDougall*, 454 U.S. 364, 365 (1982), under 28 U.S.C. § 1915(e)(2), the court is required to dismiss a complaint brought by a plaintiff proceeding *in forma pauperis* "at any time the court determines" that the complaint is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i) and (B)(ii). A complaint is frivolous and warrants dismissal when the claim "lacks an arguable basis in law or fact." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint lacks an arguable basis in law or fact if it contains factual allegations that are fantastic or delusional, or if it is based on legal theories that are indisputably meritless. *Id* at 327-28; *Brown v Bargery*, 207 F 3d 863, 866 (6th Cir 2000); *see also Lawler v Marshall*, 898 F 2d 1196, 1198-99 (6th Cir. 1990)

The complaint lacks an arguable basis in law or fact. More particularly, the complaint is delusional. Accordingly, this action will be dismissed as frivolous

An appropriate Order will be entered

Robert L. Echols
United States District Judge